# IN THE COURT OF APPEALS OF IOWA

No. 14-0722
Filed November 12, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**COREY ALAN WICKERSHAM,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Stuart P. Werling

(plea) and Nancy S. Tabor (sentencing), Judges.


        The defendant appeals his conviction and sentence after pleading guilty to

possession of marijuana with intent to deliver.  **AFFIRMED.**


        Jack E. Dusthimer, Davenport, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Linda J. Hines,

Assistant Attorneys General, Michael J. Walton, County Attorney, and Kelly

Cunningham, Assistant County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., Potterfield, J., and Sackett, S.J.*

Tabor, J., takes no part.

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SACKETT, Senior Judge.**

Corey Wickersham appeals his conviction and sentence after pleading guilty to possession of marijuana with intent to deliver. He contends his trial counsel was ineffective in failing to obtain a ruling on his motion to dismiss for violation of his right to a speedy trial. He also contends the trial court abused its discretion in sentencing him to a prison term.

## I. BACKGROUND FACTS AND PROCEEDINGS.

On August 13, 2012, law enforcement officers who stopped Wickersham's vehicle for a traffic violation smelled the odor of fresh marijuana. A search of his vehicle yielded the discovery of approximately two pounds of marijuana under the front passenger seat of the vehicle. Wickersham was transported to the police department for an interview where he was read his *Miranda* warnings, but was told he was only being detained while an investigation was pending and was not under arrest. Wickersham was released after agreeing to assist law enforcement in an investigation. To that end, he participated in a controlled buy of marijuana on August 18, 2013.

On November 27, 2013, the State charged Wickersham with ongoing criminal conduct, possession of marijuana with intent to deliver, a drug tax stamp violation, and conspiracy to commit a non-forcible felony. Wickersham moved to dismiss the charges against him, arguing the speedy trial deadline had passed because he was arrested on August 13, 2012. Before the court ruled on the motion, Wickersham entered a plea agreement with the State wherein he agreed to plead guilty to possession with intent to deliver marijuana in exchange for

dismissal of the other charges. The district court accepted Wickersham's guilty plea and sentenced him to a term of imprisonment of not more than five years.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

Wickersham first contends his trial counsel was ineffective in allowing him to plead guilty before the court ruled on his motion to dismiss. He argues that in order for his guilty plea to be knowing and intelligent, the court should ensure the accused is fully informed that any pending motions will be moot upon entry of a guilty plea. Because he asserts there was a basis for dismissal of the charges on speedy trial grounds, he claims the failure to make him aware he was waiving his speedy-trial challenge by pleading guilty invalidates his waiver of rights.

We review ineffective-assistance-of-counsel claims de novo. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). Although such claims are normally preserved for postconviction-relief actions, we will address them on direct appeal if the record is sufficient to permit a determination of the merits of the claim. *Id.* In order to succeed, Wickersham must show counsel failed to perform an essential duty and he was prejudiced by this failure. *See Rhoades v. State*, 848 N.W.2d 22, 28 (Iowa 2014). To establish prejudice here, Wickersham must show that he would not have pled guilty but for counsel's breach of duty. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). If prejudice is not shown, we need not address the question of whether counsel failed to perform an essential duty. *State v. Webster*, 865 N.W.2d 223, 231 (Iowa 2015).

Wickersham cannot show he was prejudiced by counsel's failure to first obtain a ruling on his motion to dismiss before allowing him to plead guilty. His

motion to dismiss relied on the premise that he was arrested on August 13, 2013, more than forty-five days before the State filed charges. *See* Iowa R. Crim. P. 2.33(2)(a) (requiring the State to indict a defendant within forty-five days of arrest or the prosecution be dismissed unless good cause is shown or the defendant waives the right to a speedy indictment). Although Wickersham was stopped on this date, the evidence shows he was not arrested. Wickersham was stopped for a traffic violation and transported to the police department, where he was told he was being detained for investigatory purposes and was not under arrest. During the interview, Wickersham was given the option to be arrested or cooperate with the investigation. Wickersham opted to assist law enforcement and was released. When law enforcement provides the accused with a choice to cooperate, it "precludes the possibility of there being an 'arrest.'" *State v. Johncon-Hugi*, 484 N.W.2d 599, 601 (Iowa 1992). Because the evidence shows Wickersham was not placed under arrest on August 13, 2013, he cannot show his right to a speedy trial was violated or that his motion to dismiss would have been granted.

## III. SENTENCING CLAIM.

Wickersham also challenges his sentence, arguing he should have been given probation as recommended in the presentence investigation report rather than a term of incarceration. Because his sentence is within the statutory limits, our review is for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). There is a strong presumption in favor of the district court's sentencing decisions, and we will only find an abuse of discretion where the court

acts on grounds clearly untenable or to an extent clearly unreasonable. *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). In order to overcome the presumption of validity, our supreme court has required an affirmative showing the sentencing court relied on improper evidence. *Id.*

In imposing a sentence, the court is to consider the nature of the offense, the attending circumstances, and the defendant's age, character, and propensities and chances of reform. *Id.* at 554. Iowa Code section 907.5 (2013) further requires the court consider the defendant's prior records of convictions and deferments of judgment, employment circumstances, family circumstances, mental health and substance abuse history and treatment options available in the community and the correctional system, and "other factors as are appropriate."

In sentencing Wickersham to incarceration, the sentencing court noted Wickersham was thirty-three-years old and "had lots of opportunities to learn to get out of [his] juvenile thinking." The court noted Wickersham had the opportunity to get the substance abuse treatment he needed on three separate occasions over the years but failed to follow through. Finally, the court noted the seriousness of the crime, stating this was not a crime involving "a couple marijuana blunts or marijuana cigarettes" being passed around a party. Rather, Wickersham was in possession of two pounds of marijuana, which he planned to sell for money.

Wickersham argues the court "did not indicate, or otherwise show [it] understand the timeline involved" because it failed to evaluate what had occurred in the two years following the commission of the crime for which he was charged.

*Cf. id.* at 555 (noting that when resentencing a juvenile offender, it is proper to consider a change in circumstances that occurs between the time of the original sentence and the time of the resentencing). Although the sentencing court must consider all the circumstances of a particular case, it is not required to specifically acknowledge each claim of mitigation urged by the defendant, and failure to acknowledge a particular circumstance does not mean it was not considered. *State v. Boltz*, 542 N.W.2d 9, 10-11 (Iowa Ct. App. 1995). In reviewing a sentence, we look to the see if the reasons articulated by the trial court are sufficient to allow us to determine if an abuse of discretion occurred. *Id.* at 11. The reasons provided by the sentencing court here are sufficient for us to determine the court exercised its discretion in sentencing Wickersham to a five-year term of incarceration without suspending the sentence. Accordingly, we affirm.

**AFFIRMED.**